## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

vs.                                  CIVIL NO. 09-383 MCA/RHS
                                        CRIM. NO. 07-1414 MCA

LORENZO MOLINA-RASCON,

        Movant/Defendant.

### MAGISTRATE JUDGE'S FINDINGS
### AND RECOMMENDED DISPOSITION[1]

1.      This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Movant/Defendant Lorenzo Molina-Rascon ("Molina-Rascon") attacks the judgment and sentence entered by the United States District Court for the District of New Mexico in United States v. Molina-Rascon, No. CR 07-1414 MCA.

### Background

2.      On May 2, 2007, a criminal complaint was filed against Molina-Rascon, charging him with illegally entering the United States following deportation after conviction of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b) [Doc. 1 in CR 07-1414 MCA].[2]  A records check revealed that Molina-Rascon had been deported in December 2006 after having been convicted of

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2]Further references herein to documents in United States v. Molina-Rascon, CR 07-1414 MCA will be in the format, "CR Doc. __."  References to documents filed in Civ. 09-383 MCA/RHS, the civil action under Section 2255, will be referred to simply as "Doc. __."

aggravated felony assault. United States v. Molina-Rascon, 296 F. App'x 653, 654-55, 2008 WL 4570052 (D.N.M. Oct. 14, 2008) (unpublished). ][CR Doc. 21, p. 2.]

3.      At a hearing on May 8, 2007, Molina-Rascon waived his right to a preliminary hearing and waived his right to grand jury.  [CR Doc. 7.]  On July 10, 2007, a redacted indictment was returned against Molina-Rascon. [CR Doc. 10.]

4.      On July 20, 2007, Molina-Rascon consented to have his plea heard by a United States Magistrate Judge, entered a plea of guilty on that same date. [CR Doc. Nos. 14, 32.]

5.      During the plea hearing, Molina-Rascon was represented by counsel James Baiamonte and had the services of a Spanish-language interpreter.  [CR Docs. 13, 15, 32.]  Molina-Rascon acknowledged receipt of the Indictment.  The Court questioned Molina-Rascon as to his age, education, physical and mental condition, and whether he was under the influence of alcohol, drugs or any medication. [CR Doc. 32, pp. 4-5.]

6.      The Magistrate Judge further advised Molina-Rascon at the plea hearing of the charges against him, the penalties, and possible consequences of the plea.  In addition, Molina-Rascon was advised of his constitutional rights, the loss of those rights, and the maximum possible penalties (including imprisonment, fine, supervised release, probation, restitution, and any forfeitures). [CR Doc. 32.]

7.      During the plea hearing, the following exchange between the Court and Molina-Rascon occurred:

> Court:          Have you had enough [] time to discuss the charges that are against you in the indictment with your attorney, Mr. Baiamonte?
>
> Molina:        Yes, sir.
>
> Court:          Are you satisfied with the representation that he's given to you?

Molina:        Yes.

[CR Doc. 32, p. 6.]

8.      The Court also asked Molina-Rascon if anyone had threatened or coerced him in any way to obtain his guilty plea, and Molina-Rascon answered "No."  Molina-Rascon further testified that no promises were made to obtain his guilty plea and that he was pleading guilty voluntarily because he was guilty. [CR Doc. 32, p. 6.]

9.      With respect to possible penalties under the charges, Molina-Rascon was advised that the maximum penalties "are up to 20 years in prison, a fine up to $25,000, up to three years of supervised release and a $100 special penalty assessment." [CR Doc. 32, p. 6.] The Court confirmed that Molina-Rascon understood this was the maximum penalty that could be imposed.  [CR Doc. 32, pp. 6-7.]

10.     The Court, therefore, found that Molina-Rascon fully understood the charges against him, the terms of the plea agreement, and the consequences of entry into the plea agreement. [CR Doc. 32, p. 8.]

11.     Molina-Rascon pled guilty to the indictment.  The Court determined that Molina-Rascon entered into the plea agreement freely, voluntarily, and intelligently.  Therefore, the Court accepted the plea of guilty, contingent on acceptance by the District Judge assigned to the case. [CR Doc. 32, p. 8.]

12.     Subsequent to the plea hearing, the United States Probation Office prepared a Presentencing Report ("PSR") indicating that Molina-Rascon had seven prior convictions for which he might receive a total of nine criminal history points.  He was assessed two additional criminal history points because he committed the instant offense less than two years after his release from imprisonment. [CR Doc. 21, p. 2, fn.1.]

3

13.     On November 26, 2007, counsel for Molina-Rascon filed a Sentencing Memorandum, summarizing that Molina-Rascon had pled guilty on July 20, 2007 to a single count Indictment charging him with Re-entry of a Previously Deported Alien.  Molina-Rascon's attorney further stated that he had traveled to Molina-Rascon's place of incarceration and reviewed the PSR with Molina-Rascon.  A Spanish-speaking interpreter read the PSR in its entirety to Molina-Rascon in his native language of Spanish. [CR Doc. 20.]

14.     Molina-Rascon raised several objections to the contents of the PSR, including that he had no recall of previously going to Court [in about 2001] and, therefore, could not have pled guilty at that time.  The PSR referred to two incidents that apparently were consolidated for a plea on October 15, 2001.  Molina-Rascon disagreed that he ever went to court on October 15, 2001. [CR Doc. 20, p. 1; CR Doc. 36, pp. 2-4.]

15.     Molina-Rascon next objected to the portion of PSR that stated "attorney representation is unknown" with respect to the earlier plea.  Because uncounseled or ambiguously counseled pleas cannot and should not be assessed against a defendant, Molina-Rascon argued that the earlier plea was suspect.  In other words, it was unclear from the PSR whether Molina-Rascon was represented during the earlier plea agreement.  Molina-Rascon also objected to an allegation in the PSR that he was a member of a street gang in Mexico. [CR Doc. 20, pp. 1-2; CR Doc. 36, pp. 3-5.]

16.     In the Sentencing Memorandum, counsel argued that if the Court ruled in favor of Molina-Rascon as to these points, Molina-Rascon's criminal history points would be reduced from 11 to 9, and his criminal history category would change from a 5 to a 4.  The final adjusted level 21, with a Category 4, yielded a possible sentence of 57 months at the low end of the United States

Sentencing Guideline ("U.S.S.G.") range.  Molina-Rascon requested a sentence of 57 months. [CR Doc. 20, p. 2.]

17.     On November 28, 2007, Defendant United States filed a response to the Sentencing Memorandum. [CR Doc. 21].  The government observed that Molina-Rascon argued he should not be assessed criminal history points for his prior convictions, as set forth in paragraphs 22 and 24 of the PSR, because the PSR did not affirmatively state Molina-Rascon was represented by counsel during prior plea proceedings.  The government argued that this argument failed because Molina-Rascon offered no evidence to overcome the presumption of regularity that attached to prior proceedings. [CR Doc. 21, p. 1.]

18.     On January 15, 2008, a sentencing hearing was held before United States District Court Judge Christina Armijo.  The Court heard argument on the objections to the PSR, denied the objections, adopted the PSR findings, and accepted the plea. [CR Doc. 36.] Mr. Baiamonte addressed the Court with respect to sentencing and requested that the Court deviate from a sentence of 70 months to one of 57 months, "which is a very, very lengthy sentence." [CR Doc. 36, p. 6.] The Court denied the request finding, *inter alia*, that it was based on the previously rejected objections.

19.     The Court considered the sentencing guidelines, observing that the guidelines were advisory, and also considered the sentencing factors under 18 U.S.C. § 3553(a).  Having concluded that the offense level was 21 and the criminal history category was 5, the recommended guideline range was 70-87 months.   Molina-Rascon was sentenced to a term of incarceration of 70 months. [CR Doc. 36, pp. 7- 8.] On January 16, 2008, the Court entered Judgment. [CR Doc. 23.]

20.     On January 18, 2008, Molina-Rascon filed a Notice of Appeal. [CR Doc. 25.]

21.     After Molina-Rascon filed a notice of appeal, his appointed counsel, Mr. Baiamonte

filed an <u>Anders</u> brief and a motion to withdraw.[3]  <u>Molina-Rascon</u>, 296 F. App'x  at 655.   In the

<u>Anders</u> brief, counsel for Molina-Rascon raised an issue of the reasonableness of the sentence and

suggested the Court had not fully explored the sentencing factors under 18 U.S.C. § 3553(a).

22.      Molina-Rascon filed a *pro se* response to the <u>Anders</u> brief, adding three claims.  <u>Id.</u>

at 655-56.  Molina-Rascon contended that "(1) his guilty plea was invalid and counsel coached him

to say 'yes' in his plea colloquy with the court; (2) he never saw the [presentence report] before

sentencing as required by Federal Rule of Criminal Procedure 32; and (3) counsel provided

ineffective assistance, by failing to challenge the validity of the 16-level guideline enhancement for

aggravated assault."  <u>Id.</u>  Molina-Rascon also filed a motion to terminate his attorney and appoint

new counsel.

23.     On August 29, 2008, Molina-Rascon asked the Tenth Circuit to direct his former

counsel to provide him with all district court transcripts.  <u>Id.</u>  Former counsel Baiamonte provided

affidavit testimony that he mailed the transcripts to Molina-Rascon on August 7, 2008. [Doc. 7,

Affidavit of Baiamonte ("Baiamonte Aff."), at ¶ 20.]

24.     In its October 14, 2008 opinion, the Tenth Circuit addressed and rejected Molina-

Rascon's objections to the criminal history section of the PSR.  The Court also addressed and

rejected all arguments raised in the <u>Anders</u> brief and in Molina-Rascon's response to the <u>Anders</u>

---

[3]Under <u>Anders</u>, if an attorney determines that any appeal would be "wholly frivolous," after examination of the case, counsel may "so advise the court and request permission to withdraw."  <u>Anders v. California</u>, 386 U.S. 738,744 (1967).  Counsel must submit a brief to both the appellate court and the client, identifying anything in the record that could potentially present an appealable issue.  <u>Id.</u>  The client then may offer supplemental argument to the Court, as occurred in this case.  "If upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal."  <u>United States v. Duarte Snyder</u>, 2010 WL 4263296, *2  (10th Cir. Oct. 29, 2010) (internal citation omitted) (unpublished).

brief.  The Court granted counsel's motion to withdraw, denied the motion for appointment of new counsel, and dismissed the appeal.  Molina-Rascon, 296 F. App'x 653.

25.     On April 20, 2009, Molina-Rascon filed the present § 2255 habeas petition [Doc. 1], raising the following claims: (1) former counsel was ineffective and/or violated due process rights of Molina-Rascon by (a) failing to provide him with copies of court documents and transcripts in a timely manner to prepare his *pro se* response to the Anders brief, (b) failing to challenge the earlier conviction for assault as it related to the plea and/or sentencing and to argue against the 16-level adjustment for a crime of violence, (c) refusing to argue the "Taylor categorical approach" in determining whether Molina-Rascon's prior conviction for aggravated assault was a crime of violence for adjustment purposes, (d) coercing Molina-Rascon to enter a plea of guilty by misrepresenting to Molina-Rascon that he faced a sentence of life imprisonment if he proceeded to trial or refused to enter into a plea agreement, and (e) acting as appellate counsel when Baiamonte would be unable to raise ineffective assistance of counsel claims against himself (Claims 1, 2, 3, 4, 6); and (2) the district court erred by imposing a substantively unreasonable sentence (Claim 5).[4]

### Discussion

#### Ineffective Assistance of Counsel Claims

26.     To succeed on a claim of ineffective assistance, Molina-Rascon must make a two-pronged showing:  (1) "that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ."; and (2) "that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance."

---

[4] The claims are somewhat overlapping and not absolutely clear as set forth in *pro se* petitioner's 27-page petition. [Doc. 1.]

Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), *cert. denied*, 130 S.Ct. 133 (2009)).

27.     To satisfy Strickland's first prong, Molina-Rascon must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.  The Court also examines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

28.     To show prejudice under Strickland's second prong, Molina-Rascon must demonstrate that his attorney's deficient performance prejudiced the defense, *i.e.,* that there is a reasonable probability that the outcome of the proceeding would have been different, but for counsel's deficient performance.  Strickland, 466 U.S. at 687

29.     The reviewing court need not address both prongs if the petitioner fails to make the requisite showing for one of the two required elements; in other words, it is permissible for a reviewing court to proceed directly to the prejudice analysis, without addressing the first prong. United States v. Gonzalez, 596 F.3d 1228, 1233 (10th Cir. 2010) (*citing* Strickland, 466 U.S. at 697, 700), *cert. denied*, __ S.Ct. __, 2010 WL 2345189 (Oct. 4, 2010).

30.     To prove deficient performance under Strickland, Molina-Rascon must overcome the "strong presumption" that counsel's conduct was constitutionally effective. Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir.), *cert. denied*, 525 U.S. 933 (1998).  Scrutiny of counsel's performance must be highly deferential and must avoid the distorting effects of hindsight.  Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995), *cert. denied*, 516 U.S. 1062 (1996).

31.     With respect to the second Strickland prong, the Court notes that a vague and conclusory allegation of prejudice is not sufficient to demonstrate the "actual prejudice" required

for constitutional relief.   In addition, "speculation ... cannot establish prejudice." United States v. Boone, 62 F.3d 323, 327 (10th Cir.), *cert. denied*, 516 U.S. 1014 (1995). *See* Stafford v. Saffle, 34 F.3d 1557, 1564-65 (10th Cir. 1994) ( conclusory and vague statements of prejudice are insufficient to demonstrate prejudice under Strickland.), *cert. denied*, 514 U.S. 1099 (1995). *See also* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even *pro se* plaintiffs must allege sufficient facts on which a recognized legal claim can be based, and that conclusory allegations will not suffice). In this case, Molina-Rascon made no allegation of prejudice whatsoever.   Therefore, and for the reasons discussed *infra*, the Court finds that Molina-Rascon failed to demonstrate that he was prejudiced by his attorneys' actions.   Accordingly, none of the claims of ineffective assistance can survive.

> a.    Failure to Provide Documents to Molina-Rascon

32.    Molina-Rascon alleges that Attorney Baiamonte did not provide transcripts of district court hearings when Molina-Rascon requested them.  Molina-Rascon contends that the copies of "all documentation relating to his case" would have assisted him to "articulate his pro se arguments on his pro se brief [in response to the Anders brief]." [Doc. 1, p. 5.]  According to Molina-Rascon, he asked Baiamonte for the transcripts in late May 2008, but did not receive them for months. [Doc. 1, p. 4.] He asked for the transcripts and pleadings a second time in August 2008. [Doc. 1, p. 5.]

33.    There is no record in the Tenth Circuit Court of Appeal's docket (Appeal 08-2023) of Molina-Rascon's first request to Baiamonte for the transcripts and pleadings.  However, there is a filing in the docket showing Molina-Rascon sought documents from Baiamonte in August 2008. On August 4, 2008, the Tenth Circuit entered an Order noting the request for documents but did not order Baiamonte to supply them to Molina-Rascon. [08-2023, Aug. 4, 2008 Order.] On August 7, 2008, Baiamonte sent the requested transcripts to Molina-Rascon. [Doc. 7, Baiamonte Aff. at ¶ 19.]

34.     The <u>Anders</u> brief was filed with the Tenth Circuit in May 2008. [08-2023, <u>Anders</u> brief.]  On May 27, 2008, Molina-Rascon filed a response to the <u>Anders</u> brief, raising additional arguments.  [08-2023, May 27, 2008 response; 296 F. App'x at 655-56.] Even though he filed a response to the <u>Anders</u> brief that was considered by the Tenth Circuit, Molina-Rascon argues that the issues he raised were "vague and simple," because he was deprived of the court transcripts and records when he prepared his response. [Doc. 1, p. 5.]

35.     Molina-Rascon claims that he would have presented more substantial arguments in the response to the <u>Anders</u> brief, if Baiamonte had supplied him with the district court transcripts and pleadings.  However,  he identifies no additional arguments he would have raised in a response, even after having received the requested transcripts.  Instead, he summarily argues that he would have read the transcripts for "possible violations and technicals [sic] errors" that occurred in his district court case, yet he set forth no such alleged violations or errors based on his review of the transcripts.  Moreover, the Tenth Circuit "conducted a full examination of the record as required by <u>Anders</u> . . ." and did not identify any issue that suggested Molina-Rascon had meritorious claims. <u>Molina-Rascon</u>, 256 F. App'x at 657.

36.     Molina-Rascon's assertions that he would have included "possible violations" and that he was prevented from "pointing out const. violations" in his response to the <u>Anders</u> brief is speculative.  As stated previously, speculative, vague, and conclusory allegations do not establish prejudice for purposes of an ineffective assistance of counsel claim.  Therefore, Molina-Rascon has not satisfied his burden, and the Court recommends this claim be dismissed, with prejudice.

10

b.    Failure to Challenge the Earlier Conviction and Argue Against 16-Level Adjustment for Crime of Violence

37.     Molina-Rascon alleges ineffective assistance of counsel due to trial counsel's purported failure to challenge the prior conviction for assault, failure "to put the government on notice to attack his client prior assault [sic] before sentencing and at sentencing . . . .", or failure to argue against the 16-level crime of violence adjustment. [Doc. 1, pp. 7, 9.] Molina-Rascon suggests that his prior conviction was not a crime of violence and that the District Court incorrectly calculated his advisory guideline range in computing his sentence.  He also contends that his trial counsel should have preserved this issue by raising it on direct appeal. [Doc. 1, pp. 9, 11.]

38.     The details of Molina-Rascon's prior conviction for aggravated assault were set out in the PSR, none of which were disputed through the objections.  In 2004, an Arizona State Court convicted Molina-Rascon of aggravated assault.  PSR, ¶ 26.  In that case, officers responded to a woman's screams for help.  Id.  Officers met Molina-Rascon at the motel room door where he "was drying off with a towel," at which time he "indicated there were no problems."  Id.  When officers investigated further, they found the victim inside the motel room with her "left eye, eye lid, and tissue around the eye [] swollen.  Her left eye [sic] protruding from her face approximately two inches.  Her left eye was also lower on her face than her right eye."  Id.  The PSR author stated that "Court records revealed due to the injuries [the victim] sustained from the incident, she may lose her left eye."  Id.[5]  The state court sentenced Molina-Rascon to nine months imprisonment, but subsequently revoked his probation and imposed two years.  Id.  State authorities turned Molina-

---

[5]The PSR also noted that Molina-Rascon pled guilty to assaulting the same woman by hitting her in the face just five weeks earlier than the above-described assault.  PSR ¶ 25. The parties did not object to the PSR recommendation that Molina-Rascon's prior conviction was characterized properly as a "crime of violence" under USSG § 2L1.2(A)(A)(ii). [Doc. 7, p. 10, n. 5.]

Rascon over to immigration agents upon release from State custody, and he was deported to Mexico in December 2006.  Id.

39.     Molina-Rascon raised this same argument in response to the Anders brief, *i.e.,* that trial counsel provided ineffective assistance by failing to challenge the validity of the 16-level guideline enhancement for aggravated assault.  Molina-Rascon, 296 F. App'x at 656.  The Tenth Circuit, although declining to address a claim of ineffective assistance of counsel on direct appeal, noted that even if there were sufficient evidence on the record to challenge the 16-level enhancement for a crime of violence, the claim could have no merit.  This was true because Molina-Rascon's conviction for aggravated assault "is one of the offenses explicitly defined as a crime of violence under the U.S. Sentencing Guidelines, USSG § 2L1.2."  Id. at 657 n. 5.

40.     Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines allows a sixteen-level increase to a defendant's base level "if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is ... a crime of violence."  United States v. De La Cruz-Madrigal, 327 F. App'x 77, 78 (10th Cir. May 12, 2009) (unpublished).  "The Guidelines define a crime of violence as one of twelve enumerated offenses, including "aggravated assault," as well as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  *See id.* at 78-79 (*citing* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).)

41.     Although there may be some dispute among circuits as to whether an aggravated assault conviction in Arizona is a crime of violence, there is no question that in this case, the Tenth Circuit found no arguable legal points on the merits.  Moreover, the Court specifically noted that Molina-Rascon's aggravated assault conviction was a crime of violence as defined by applicable sentencing guidelines and that, therefore, a claim regarding a challenge to the 16-level enhancement

12

had no merit.  Molina-Rascon, 296 F. App'x at 657, n. 5.  *See, e.g.,* United States v. Machado-Delgado, 272 F. App'x 685, 687 (10th Cir. 2008) (unpublished) (finding an Arizona aggravated assault conviction was a crime of violence irrespective of whether actual force was involved) United States v. Loaeza-Montes, 378 F. App'x 967, 970 (11th Cir. May 11, 2010) (unpublished) ("Because aggravated assault is included in the list of offenses detailed in § 2L1.2(b)(1)(A)(ii) cmt. n. 1(B)(iii), appellant's conviction for aggravated assault under Arizona law per se qualifies as a 'crime of violence' under § 2L1.2(b)(1)(A)(ii).").  *But see* United States v. Esparza-Herrera, 557 F.3d 1019 (9th Cir. 2009) (finding aggravated assault under § 13-1204(A)(11) was not a crime of violence).  The Court concludes that it is difficult, if not impossible, for Molina-Rascon to convincingly argue that his prior conviction was not an "aggravated assault," and therefore, a "crime of violence."

42.     Trial counsel Baiamonte provided an affidavit stating that on November 20, 2007, he discussed with Molina-Rascon his criminal history for over an hour, including the 2004 Aggravated Assault conviction in Arizona.  Baiamonte averred that he did not see a valid basis to attack the Arizona guilty plea and that making a legal argument as to that plea "would have jeopardized Mr. Molina-Rascon's third point for Acceptance of Responsibility." [Doc. 7, Baiamonte Aff., ¶¶ 8-10.] To have made such a challenge risked placing Molina-Rascon at a level 22, with a low end range of 77 months instead of the 70 months he received. [Id., ¶ 11.]

43.     Baiamonte further testified that the victim in the Arizona Aggravated Assault was in jeopardy of losing an eye as a result of Molina-Rascon's actions.  Thus, it seemed apparent to Baiamonte that the conviction was an enumerated crime of violence, thereby forming the basis for the 16-level enhancement of the offense level. [Id., ¶¶ 12-13.]

44.     Counsel's performance is not ineffective for failure to set forth arguments that have no merit or would be futile to raise.  United States v. Diaz, 348 F. App'x 355, 357 (10th Cir. Oct. 1, 2009) (unpublished).  In addition, "appellate counsel who filed a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  Smith v. Robbins, 528 U.S. 259, 288 (2000).  *See also* United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) ("If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.") (quotation omitted).  The Court concludes that Baiamonte's failure to raise a meritless claim, either as a grounds for objecting to the PSR's characterization of the earlier conviction as a crime of violence, or on appeal, does not constitute ineffective assistance of counsel.

45.     Even if Molina-Rascon's offense level had not been adjusted, he did not show prejudice.  This is true because the sentencing court could have found that an upward variance was required under 18 U.S.C. § 3553(a) to account for the severity of the underlying crime and the danger Molina-Rascon posed to the community.  The PSR left the Court with the distinct possibility that Molina-Rascon's victim might have lost her eye as a result of the severity of the assault.  *See* PSR ¶ 26.  Moreover, the PSR indicated Molina-Rascon pled guilty to assaulting the same woman by hitting her in the face five weeks earlier.  PSR ¶ 25.

46.     Stated differently, Molina-Rascon did not establish there was a reasonably probability that but for counsel's alleged deficient performance, he would have received a lower sentence.  Thus, he did not demonstrate prejudice.

47.     For all of the above-stated reasons, the Court concludes that the ineffective assistance of counsel claim fails and recommends that it be dismissed, with prejudice.

c.      Failure to Argue for the Taylor Categorical Approach

48.     Molina-Rascon argues ineffective assistance of counsel based on Baiamonte's failure to request that the sentencing court apply the "formal categorical approach." [Doc. 1, p. 9.] Molina-Rascon also asserted that the "sentencing court did not apply the or, determinete [sic] under the taylor categorical approach whether the prior conviction, for said aggravated assault was a crime of violence . . . ." [Doc. 1, p. 12.]

49.     "When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions'" United States v. De La Cruz-Madrigal, 327 F. App'x 77, 78 (10th Cir. May 12, 2009) (unpublished) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)).

50.     "[T]he generally accepted crime of 'aggravated assault' is an offense that has an element either the causing of serious bodily injury or the use of a dangerous weapon." United States v. Gastelum-Laurean, 370 F. App'x 938, 941 (10th Cir. Apr. 1, 2010) (unpublished).[6]  A generic definition of aggravated assault is an assault committed intentionally or knowingly (or at least with extreme indifference) and that causes serious bodily injury.  Id. (internal citation omitted).

51.     Arizona's aggravated assault statute requires proof of an assault and a person who causes serious physical injury to another.  A.R.S. § 13-1204.  Even if counsel did not argue for the categorical approach or the Court did not employ it, this Court finds no constitutional error.  The

---

[6]In Gastelum-Lauren, the Tenth Circuit held that the defendant's prior Arizona conviction in 2005 for aggravated assault was not a conviction for a crime of violence.  However, the government conceded that point in Gastelum-Lauren.

Tenth Circuit stated in its opinion that it had reviewed the entire record and concluded that the crime of violence adjustment was proper.  Molina-Rascon, 296 F. App'x at 657, n. 5.

52.     Moreover, § 2255 is not available to test the legality of matter that should have been raised on appeal.  United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).  This is the type of claim Molina-Rascon should have raised on appeal unless he demonstrates cause for his procedural default and actual prejudice, or he can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  Id.  Molina-Rascon provided no persuasive argument as to why this issue was not raised on appeal.

53.     For all of the above-stated reasons, the Court concludes Molina-Rascon did not demonstrate ineffective assistance of counsel or constitutional error by the Court.  Therefore, the Court recommends dismissal of these claims, with prejudice.

     d.     Coerced Plea Agreement

54.     Molina-Rascon argues that Baiamonte informed him he would face life imprisonment if Molina-Rascon proceeded to trial or refused to enter into a plea agreement quickly.  Molina-Rascon further contends that he would not have pled guilty had he known he could have proceeded to trial without facing a possible sentence of life imprisonment. [Doc. 1, p. 9.] Molina-Rascon states that at the plea hearing, he learned "on sorprisse" [sic] that the maximum penalty was 20 years and not life.  Molina-Rascon asserts that he then asked Baiamonte to get out of the plea agreement but that Baiamonte stated it was too late and the judge might give Molina-Rascon  more time if angered by Molina-Rascon's change of mind. [Doc. 1, pp. 9-10, 11.]

55.     Molina-Rascon's argument that his plea was coerced and that he did not understand the maximum penalty is unconvincing.  At the initial appearance and detention hearing on May 3, 2007, the United States Magistrate Judge explained the importance of that hearing through an

official Spanish-language interpreter. [Doc. 7, p. 7] (*citing* Transcript of 5/3/07 hearing, p. 2).  The

following colloquy took place after Molina-Rascon was sworn under oath.

| | |
|---|---|
| THE COURT: | And you're charged with felony reentry into the United States.  Do you understand that charge? |
| DEFENDANT: | Yes. |
| THE COURT: | What are the maximum penalties? |
| GOVERNMENT: | Yes, Your Honor.  Each of these [three] defendants also faces up to 20 years of imprisonment, not less than three years of supervised release, up to a 200,000 dollar fine, and a 100 dollar Special Penalty Assessment. |
| THE COURT: | Do you understand these penalties? |
| DEFENDANT MOLINA-RASCON: | Yes. |

Id. (*citing* 5/3/07 Transcript, p. 4).  *See also* [CR Doc. 2, Minutes for hearing].

56.    At the July 20, 2007 plea hearing, a Spanish-language interpreter was again present.

The Magistrate Judge informed Molina-Rascon that before he accepted his guilty plea, the Court

wanted to make sure Molina-Rascon was under oath, and that he understood he had the right to

plead not guilty and to proceed to a trial before a jury. [Doc. 32, pp. 3-4.]

57.    The Magistrate Judge subsequently asked Molina-Rascon if anyone had threatened

or coerced him "in any way" to get him to plead guilty.  Molina-Rascon responded, "No."  He also

answered "No" to the question of whether any promises had been made to him to induce him to

plead guilty.  Molina-Rascon then stated that he was pleading guilty voluntarily "because [he] was

guilty." [Doc. 32, p. 6.]

58.    At this point in the plea hearing, the Court asked the government to advise Molina-

Rascon what the maximum possible penalties were under the charges.  The government again

17

informed Molina-Rascon that the maximum penalties were up to 20 years in prison, a fine up to $250,000, up to 3 years of supervised release and a $100 special penalty assessment. [Id.]

59.     The Court asked Molina-Rascon if he understood "that to be the maximum penalty that the Court can impose?"  Molina-Rascon responded: "Yes." [Doc. 32, pp. 6-7.] There is nothing in the transcript of the pleadings to indicate Molina-Rascon hesitated or conferred with his attorney concerning his "surprise" at the maximum possible penalty.  Nor is there any indication in the transcript that Molina-Rascon asked his attorney about rejecting the plea arrangement.

60.     Molina-Rascon pled guilty, and the Court found that Molina-Rascon was aware of the charges and the consequences of the plea, and further that the plea of guilty was knowing and voluntary, supported by independent evidence. [Id., p. 8.]

61.     Baiamonte testified that he fully discussed the case, prior convictions, benefits of a plea, and trial strategy with Molina-Rascon before the plea hearing.  He further stated that he had "never coerced Mr. Molina-Rascon into accepting the plea." [Doc. 7, Baiamonte Aff., ¶ 14, 18.]

62.     When asked at the sentencing hearing whether he had anything the Court should consider with respect to matters of sentencing, Molina-Rascon stated he sought help because of his very ill mother.  "That is all." [Doc. 36, pp. 6-7.] Molina-Rascon did not raise any arguments concerning an alleged involuntary plea or his supposed lack of understanding as to the maximum possible sentence.

63.     In reviewing Molina-Rascon's appeal, the Tenth Circuit addressed his contention that his guilty plea was invalid and that counsel coached him to say "yes" in his plea colloquy with the court.  Molina-Rascon, 296 F. App'x at  655-56.  The Tenth Circuit observed that a "valid guilty plea must be knowingly, intelligently, and voluntarily made." Id. at 656 (internal citations omitted). The Court concluded that Molina-Rascon entered his guilty plea knowingly and voluntarily, that the

record indicated Molina-Rascon understood his plea, that he pled without coercion, and understood the maximum possible sentence.  Id.

64.     Based on the record, the Court concludes that Molina-Rascon failed to satisfy his burden to provide evidence showing he did not enter into the plea agreement knowingly and voluntarily.  *See* United States v. Hahn, 359 F.3d 1315, 1329 (10th Cir. 2004) (*en banc*) (*per curiam*).  Therefore, the Court recommends that the claim be dismissed, with prejudice.

       e.     In acting both as trial and appellant counsel, Baiamonte was *per se* ineffective

65.     Molina-Rascon argues that Baiamonte was ineffective to continue on as appellate counsel because it would be against his own self-interest to bring claims against himself for ineffective assistance of counsel.  Molina-Rascon provides no evidence to show that Baiamonte was under a conflict of interest in acting both as trial and appellate counsel.  Nor does Molina-Rascon demonstrate how he was prejudiced by Baiamonte's representation on appeal.

66.     Moreover, ineffective assistance of counsel claims generally are pursued in collateral proceedings rather than on direct appeal.  United States v. Espinoza-Aguilar, 2010 WL 3156023, *2 (10th Cir. Aug. 10, 2010) (unpublished) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.") (*citing* United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir.1995)).  Thus, Molina-Rascon has no viable argument that Baiamonte was ineffective for representing Defendant both during plea and sentencing proceedings, and then on appeal as well.

67.     For these reasons, the Court recommends that the claim be dismissed, with prejudice.

**Unreasonable Sentence**

68.     Molina-Rascon argues that the district court imposed an unreasonable sentence and did not comply with 18 U.S.C. § 3553. [Doc. 1, p. 13.] Molina-Rascon's claim might be interpreted as a substantive and procedural attack on the sentence. In other words, Molina-Rascon claims the sentence was longer than necessary (substantive claim) and that the Court failed to address 18 U.S.C. § 3553 (procedural claim).

69.     In United States v. Lewis, the Tenth Circuit recently explained:

> Reasonableness review [with respect to sentencing] has a procedural and a substantive component. A court may commit procedural error in imposing a sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." In performing substantive reasonableness review, we consider "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." A sentence imposed within the properly calculated advisory range is entitled to a rebuttable presumption of reasonableness.

United States v. Lewis, --- F.3d ----, 2010 WL 4262020 (10th Cir. Oct. 29, 2010) (citing Gall v. United States, 552 U.S. 38, 46 (2007)).

70.     Here, Molina-Rascon failed to submit any argument or evidence as to why his sentence is too long. Moreover, the sentence was at the low end of the properly calculated advisory range. Thus it is entitled to a rebuttable presumption of reasonableness. The Court concludes that Molina-Rascon failed to provide any evidence sufficient to rebut the presumption.

71.     To the extent that Molina-Rascon contends that the district court committed a procedural error by not addressing 18 U.S.C. § 3553(a), he is mistaken. During the sentencing hearing, Baiamonte raised the argument that the Court should deviate from 18 U.S.C. § 3553, which

20

the Court declined to do. [Doc. 36, p. 6.] Moreover, the Court expressly stated that it had considered

the guidelines in the case, noting they were advisory, and had considered the sentencing factors

under 18 U.S.C. § 3553(a). [Doc. 36, p. 7.]

72.     This claim is without merit, and, therefore, the Court recommends its dismissal with

prejudice.

## **Recommended Disposition**

That the Motion to Vacate, Set Aside, or Correct Sentence be denied and the case be

dismissed with prejudice.

*Robert Hayes Scott*
_____
ROBERT H. SCOTT
UNITED STATES MAGISTRATE JUDGE